UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:10-CV-00099

JOHN SMITH                                                                                              PLAINTIFF

v.

BOBBY HOWARD, Individually, and
BOBBY HOWARD d/b/a
POSSUM TROT CHOPPERS                                                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendants' Motion to Compel (Docket #12). Plaintiff has responded (Docket #14). Defendants have replied (Docket #15). This matter is now ripe for adjudication.

## BACKGROUND

Defendant Bobby Howard runs a motorcycle repair shop, Possum Trot Choppers, in Calvert City, Kentucky. Plaintiff alleges that he took a 1984 FXR motorcycle to the shop for work in October of 2008, and Defendant Bobby Howard stole the motorcycle. Defendants state that Plaintiff failed to pay his final bill and title was properly transferred pursuant to Kentucky Revised Statutes section 186A.190.

Plaintiff filed suit in this Court on May 27, 2010, asserting six claims for relief: (1) Kentucky Consumer Protection Act; (2) Breach of Contract; (3) Deceit based on Fraud; (4) Deceit based upon Concealment or Nondisclosure; (5) Breach of Duty of Good Faith and Fair Dealing; and (6) Detrimental Reliance Upon Business Promise. This matter is set for trial on May 31, 2011. Initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) were due on September 21, 2010. Defendants filed a motion to compel based upon the fact that Plaintiff

had failed to provide any Rule 26 initial disclosures by December 30, 2010.

## DISCUSSION

Plaintiff's response to Defendant's motion indicates that he provided Rule 26 information regarding witnesses and exhibits informally on July 7, 2010. Plaintiff acknowledges that this information should have been provided in a more formal format and has now filed his Rule 26(a)(1) disclosures properly.

Defendants acknowledge that Plaintiff has now filed his initial disclosures and request sanctions in the amount of $525 in attorneys' fees. Defendants note that Plaintiff failed to respond to two separate letters sent to Plaintiff's counsel on September 27, 2010, and November 8, 2010, regarding when Plaintiff intended to provide his initial disclosures. Had Plaintiff responded to these letters, Defendant notes, there would have been no reason to file the present motion to compel.

The Court is satisfied that initial disclosures have been provided to Defendants at this time. Therefore, the Court will not issue an order compelling Defendant to provide further information. However, the Court must still consider the issue of sanctions. Federal Rule of Civil Procedure 37(a)(5)(A) provides:

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Defendants have presented evidence of correspondence which demonstrates a good faith effort to obtain responses absent court involvement, so this requirement has been met.

Plaintiff's counsel has not provided any justification for not responding to Defendants' requests for initial disclosures. This inaction forced Defendants' counsel to file a motion to compel and has delayed these proceedings. The Court cannot find that counsel's delay in responding is "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). In addition, the Court is unaware of any additional circumstances that would make an award of expenses "unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). Therefore, Defendants are entitled to payment.

Defendants seek $525.00 in sanctions for time spent in preparation of the present motion and seeking compliance from Plaintiff. Federal Rule of Civil Procedure 37 dictates that Plaintiff is entitled to "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Defendants have demonstrated that Samuel J. Wright, Defendants' attorney, spent 3.00 hours at the rate of $175.00 per hour on this matter. The Court believes the amount of time spent on this matter is reasonable. Accordingly, the Court awards $525.00 to Defendants.

## CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED. Plaintiff's counsel is hereby ORDERED to pay sanctions of $525.00 to Defendants.

As a final matter, Defendant requests that the Court modify the current scheduling order due to the ongoing discovery dispute. Accordingly, a telephonic scheduling conference is

3

hereby SET for **February 25, 2011**, at **9:00 a.m. CST.** The Court will place the call to counsel.

IT IS SO ORDERED.