UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:10-CV-00099-TBR

JOHN SMITH                                                                              PLAINTIFF

v.

BOBBY AND SHERRY HOWARD
d/b/a POSSUM TROT CHOPPERS                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Defendants' motion for summary judgment. Defs.' Mot. Summ. J., Docket Number ("DN") 33. The Plaintiff has responded. Pl.'s Resp., DN 41. The time to reply has expired. Having considered the matter and being sufficiently advised, the Defendants' motion is DENIED.

**I.**

According to Defendants Bobby and Sherry Howard ("the Howards"), the relevant facts are as follows. On October 29, 2008, Plaintiff John Smith ("Smith") brought his 1984 FXR Harley Davidson motorcycle to Possum Trot Choppers–a sole proprietorship owned by the Howards–for repairs. On that same date Smith made a partial payment of $958.46 for the work to be performed. Four days later, on November 2, 2008, Smith contacted the Howards and requested certain additional repairs. One month later, on December 3, 2008, Smith was notified that the repairs were complete and that payment for all parts and labor was due. Smith told the Howards that payment for the total amount would be mailed the following day. The promised payment never arrived, however, and the Howards subsequently tried to contact Smith throughout December 2008 and January 2009. Despite their efforts, no answer, return phone call, or any other communication was received from Smith. At that point, the balance of Smith's

1

bill remained unpaid for more than thirty days, and the Howards initiated the process of obtaining title to the motorcycle through Kentucky's creditor-in-possession statute. On February 13, 2009, in compliance with the statute, the Howards attempted to notify Smith of their intent via certified mail. The record reflects that the letter was returned to the Howards unclaimed and that Smith never signed for it.

Eleven days later, on February 24, 2009, Smith sent the Howards another partial payment of $683.23, but this did not satisfy the outstanding balance of the bill. Without further payment and in the absence of additional communication from Smith, the Howards proceeded to obtain title to the motorcycle under the creditor-in-possession statute. As required by the law, the Howards had the motorcycle inspected by the local sheriff to ensure that it was not stolen and advertised the statutorily-required notice in the *Lexington Herald-Leader* newspaper. Thereafter, they completed the affidavit required by Kentucky's Transportation Cabinet, submitted said affidavit to the Marshall County Clerk's Office, and in June 2009, that office issued a new title to the motorcycle in the name of Bobby and Sherry Howard. After obtaining title, the Howards sold the motorcycle.

Smith's version of events is considerably different. According to Smith, he and the Howards orally agreed that he would pay for parts as the repairs progressed and would pay for the cost of labor at the end of the project. He also alleges that he fully paid all bills he received from the Howards. In the spring of 2009, Smith sought to pick up the motorcycle and called the Howards to get a final bill for labor. At that point, Bobby Howard told Smith that he would need a new motorcycle because his had been sold. Bobby also allegedly admitted that he had not given Smith notice or obtained his consent prior to the sale. Smith claims he never received notice from the Howards and that their actions amount to theft. Accordingly, the Howards

2

should not be allowed to keep the proceeds of the sale.

Smith instituted this suit against the Howards on May 27, 2010. He alleges that the Howards violated Kentucky's Consumer Protection Act, KRS § 367.170, and breached one or more contractual agreements between the parties when they sold Smith's motorcycle and kept the proceeds. The Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy, as contained in the pleadings, exceeds $75,000.

The Howards now move for summary judgment on grounds they complied with Kentucky's creditor-in-possession statute, KRS § 186A.190(4), and, therefore, properly obtained title to the motorcycle.

## II.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). The plaintiff may accomplish this by "citing to particular parts

3

of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). Mere speculation will not suffice to defeat a motion for summary judgment; "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while the substantive law of Kentucky is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity applies the standards of Federal Rule of Civil Procedure 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993) (abrogated on other grounds in *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010)).

### III.

The Howards argue that summary judgment is warranted because they obtained clear title to Smith's motorcycle by complying with Kentucky's creditor-in-possession statute. The Court holds that summary judgment is inappropriate at this time because, upon review of the record, it is unclear as to whether the Howards complied with the statute at issue. The Court does not find that the Howards failed to comply with the statute. Rather, the Court holds that the record before it is simply insufficient to show that they did so.

Kentucky's creditor-in-possession statute, KRS § 186A.190(4), creates a mechanism through which a creditor to whom a debt on a vehicle is owed and unpaid for more than thirty days can obtain title to that vehicle. To do so, the creditor must comply with two main requirements. First, the creditor must have the vehicle inspected by a county sheriff "to

determine that the vehicle is not stolen." KRS § 186A.190(4). Second, the creditor must provide "to the county clerk an affidavit devised by the Transportation Cabinet and completed by the [creditor]." *Id.* This affidavit must contain the declarations prescribed in KRS § 186A.190(4)(a)-(e). The county clerk may issue a new title to the vehicle only after the creditor complies with these requirements. *Id.* § 186A.190(4). The Howards' motion for summary judgment fails because the record is insufficient to establish compliance with either of these requirements.

Although the Howards assert that the Marshall County Sheriff inspected the motorcycle and determined that it was not stolen, nothing in the record corroborates their position. "A party asserting that a fact cannot be . . . genuinely disputed must support that assertion by citing to particular parts of materials in the record, including depositions, documents . . . affidavits or declarations . . . or other materials." Fed. R. Civ. P. 56(c)(1)(A). Without an affidavit by the sheriff's office or some other record substantiating the Howards' assertion, the record as developed is insufficient to show that the Howards complied with the first requirement of KRS § 186A.190(4).

Additionally, the evidence does not show that the Howards submitted the statutorily-required affidavit to the Marshall County Clerk's Office. The Howards did not include a copy of this affidavit with their motion for summary judgment. Rather, they submitted records showing that they complied with the contents required for the affidavit. For example, the record demonstrates that on February 13, 2009, the Howards sent Smith a letter via certified mail notifying him of their intent to obtain title to his motorcycle. *See* Certified Mail Envelop, Signature Card, and Letter, DN 33-3, pp. 2-4. This type of notice is required by KRS § 186A.190(4)(c). Although the letter was returned to the Howards as unclaimed, the creditor-in-

5

possession statute requires only that the creditor show that he "*attempted* to notify the owner of the vehicle [of the creditor's] intention to obtain new title." KRS § 186A.190(4)(c) (emphasis added). Additionally, the record demonstrates that the Howards published the required notice of their intent "at least twice in a seven (7) day period in a newspaper published, and with a statewide circulation, in Kentucky." KRS § 186.190(d); *see* Notice in *Lexington Herald-Leader*, DN 33-3, pp. 10-13. These examples aside, the record does not contain a copy of the affidavit the Howards were required to submit to the Marshall County Clerk's Office. Without a copy of this affidavit or some other corroborating evidence, the Court is unable to find that the Howards complied with the second requirement of the creditor-in-possession statute.

Two other considerations weigh against the Howards' motion for summary judgment. First, it appears that Smith may have objected to the Howards' attempt to take title to the motorcycle under the creditor-in-possession statute. If he has done so, the Howards improperly attested in the affidavit to the county clerk that "[n]either the owner nor a lienholder has objected in writing to the [creditor's] right to obtain title to the vehicle." KRS § 186A.190(4)(e). Although the Court has found no cases interpreting what constitutes a written objection for the purposes of KRS § 186A.190(4)(e), the record shows that Smith sent a partial payment to the Howards *after* they initiated the creditor-in-possession process. As discussed above, the Howards attempted to notify Smith of their intent to take title to the motorcycle in a letter sent to him via certified mail on February 13, 2009. Eleven days later, on February 24, 2009, Smith sent the Howards a partial payment of $683.23 for the repair work. Although the record is void of a letter or some other example of what would most normally be thought of as a "written objection," Smith's partial payment clearly shows that he continued to assert his ownership rights in the motorcycle after the Howards began the process of obtaining title to the vehicle. At

the very least, this payment put the Howards on notice that Smith was attempting to pay his debt, and it reset the notice provisions of the creditor-in-possession statute.

Second, the Howards assert that the Marshall County Clerk's Office issued a new title to them in June 2009. Despite this assertion, they have not included a copy of that title with their motion for summary judgment. Rather, the Howards included a certificate of registration for the motorcycle that was issued by the county clerk on June 2, 2010. *See* Certificate of Registration, DN 33-3, p. 21. This certificate is not a vehicle title and was issued to Wayne Allcock, not Bobby or Sherry Howard. *See id.* The Howards have not produced the title that the Marshall County Clerk's Office allegedly issued to them for the motorcycle and have drawn no connection between the certificate of registration issued to Wayne Allcock and their ownership interest in the vehicle. Therefore, nothing in the record shows that the Howards were issued a new title to the motorcycle after completing the creditor-in-possession process.

Taking all of the foregoing considerations together, the Court finds that the record is insufficient to show that the Howards obtained title to the motorcycle by complying with Kentucky's creditor-in-possession statute. The Howards bear the burden of proving that summary judgment is appropriate because there is no genuine dispute as to any material fact. They have failed to carry that burden in the present motion.

## CONCLUSION

Defendants Bobby and Sherri Howard moved for summary judgment on the claims asserted by Plaintiff John Smith. For all of the foregoing reasons the Defendants' motion is DENIED.

cc: Counsel
Bobby and Sherry Howard
442 Retirement Circle
Calvert City, KY 42029